930 F.2d 918
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth BRAKEFIELD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-5656.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Kenneth Brakefield appeals from the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate the 1984 judgment of conviction for bank robbery. The 1989 motion filed was based on ineffective assistance of counsel at trial and that Brakefield had been incompetent to stand trial. During a hearing on the motion, the ineffective assistance of counsel claim was withdrawn, and the district court later adopted the magistrate's finding that Brakefield failed to carry his burden to prove incompetence at the time of trial. Brakefield now argues on appeal that (1) the magistrate improperly placed the burden on him to prove incompetence; and (2) that the testimony of Brakefield's trial attorney should not have been admitted because of the claim of attorney/client privilege. We AFFIRM the district court's denial of relief.
 
 
 2
 In January 1987, doctors at the Terre Haute Regional Hospital, where Brakefield was incarcerated, discovered that he had a brain tumor, which had been causing him trouble for about two months. He experienced seizures and blank spells that would last between thirty and sixty seconds. The tumor was removed on May 19, 1987.
 
 
 3
 Brakefield claims that he was incompetent to stand trial because of the existence of the brain tumor which allegedly existed at the time of trial. He also asserted ineffective assistance of counsel because his counsel had not raised the question of his competence in 1984.
 
 
 4
 The district court appointed Dr. Michael O'Keefe, a practicing neurologist, to examine Brakefield and his medical records in 1989. Dr. O'Keefe issued a report and testified at the evidentiary hearing. He testified that all of Brakefield's symptoms appeared to begin in December of 1986 and that there was no medical record indication that he suffered from seizures in 1984. Brakefield himself testified that he did not begin to have symptoms until 1986. Dr. O'Keefe also testified that even if one of the frontal lobes of the brain, where Brakefield's tumor was located, was completely removed, a person's memory, ability to communicate, and ability to understand would not necessarily be impaired. He also testified that the tumor could bring about sociopathic consequences in Brakefield.
 
 
 5
 Nick Brown had been subpoenaed to appear at the hearing by Brakefield's attorney as trial counsel at the 1984 bank robbery trial. Instead, the government called Brown as a witness without objection. Brown testified that he had practiced criminal defense work for a number of years and remembered representing Brakefield on the bank robbery charge. Co-defendants were Brakefield's wife, who was tried separately first, and another male accomplice. Brown testified that the defense contemplated he was not guilty coupled with an alibi. (Brakefield claimed never to have been in the town where the bank robbery occurred). He also stated that Brakefield claimed that his wife falsely implicated him "to protect her current lover at his expense." Brown further testified that co-counsel (for the other defendant) contacted the supposed alibi witness but he was of no help whatsoever.
 
 
 6
 All the above testimony came in without objection. Brown then continued that Brakefield never indicated any inability to control his behavior or inability to understand what was happening. When Brown was then asked whether Brakefield appeared to have a clear recollection of events, there was objection and the ineffective assistance of counsel claim was thereupon withdrawn. The objection was based upon the attorney-client privilege. The government, in response, maintained that the privilege had been waived. The magistrate conducting the hearing ruled that "Mr. Brown can testify as to factual matters that were told to him ... [not] opinions as with regards to anything that concerns the state of mind."
 
 
 7
 The ruling was not a model of clarity, but the magistrate was not in error in precluding opinions concerning the "state of mind" of Brakefield in an abundance of caution. He should also have precluded questions relating to communications between the attorney and client which related to Brakefield's representation in the criminal case. There was a serious question as to waiver of the confidentiality privilege, but clearly Brown's prior testimony was not subject to being stricken. It was clear, then, that Brown and his client had discussions about a proper defense, what Brakefield's position was concerning the robbery, and that Brakefield and his wife were at odds concerning the circumstances of the robbery. It could fairly be inferred, even from Brown's limited testimony before the objection and claim of privilege, and disregarding entirely Brown's further testimony, that his experienced defense lawyer observed nothing about Brown's appearance or his "ability to understand" indicating that he lacked competence to be of assistance to counsel.
 
 
 8
 The limited testimony of Brown, coupled with that of Dr. O'Keefe and Brakefield, when considered in toto, is insufficient to carry Brakefield's burden to show incompetence. Petitioner concedes that generally the burden is upon the movant seeking Sec. 2255 relief to show entitlement to such relief. He argues an exception in the case of claimed incompetence. We disagree.
 
 
 9
 Brakefield cites only one case as authority for his position, Makris v. United States, 535 F.2d 899, 906 (5th Cir.1976), cert. denied, 430 U.S. 954 (1977). In Makris, the court held that the government has the burden to prove that a defendant is competent to stand trial in a Sec. 4244 hearing (hearing held at time of trial) or in a nunc pro tunc hearing. Makris does not involve a hearing pursuant to a motion brought under Sec. 2255 and thus is not persuasive.
 
 
 10
 We have held that when the issue of a defendant's competency to stand trial is raised in a Sec. 2255 motion, the burden is on the defendant to prove that he was not mentally competent to stand trial. Conner v. Wingo, 429 F.2d 630, 639 (1970), cert. denied, 406 U.S. 921 (1972). In Conner, the defendant was seeking post conviction relief pursuant to Sec. 2255, claiming that he was not competent at the time of trial. At the hearing, defendant presented psychiatric evidence based on an examination six years after the trial took place. Id. We held that the burden of proof was upon the petitioner.
 
 
 11
 We conclude that the findings and conclusions of the magistrate and the district court are not clearly erroneous. Petitioner has not carried his burden to show incompetence in 1984. Judgment is, therefore, AFFIRMED.